UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN DUPRE,<br><br>                       Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; ALPHA; FATHER JOES; MCELROY; MOSTELLAR; NISLET; SAYASANE; and DOES 1 through 40, inclusive,<br><br>                       Defendants. | Case No.: 22cv169-JO-AGS<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO APPOINT COUNSEL** |

      Plaintiff Colin Dupre, proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. He requests that the Court appoint counsel because he is unable to afford an attorney. Dkt. 3. For the reasons stated below, the Court denies the motion.

      While the United States Constitution provides no right to appointment of counsel in civil cases, s*ee Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980), the Court may, in its discretion, appoint counsel for an individual that is unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1). Such requests are granted only in "exceptional circumstances," after an evaluation of (1) "the likelihood of success on the merits," and (2) "the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues

involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Plaintiff bears the burden of showing that exceptional circumstances exist. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Considering both the likelihood of success on the merits and Plaintiff's ability to articulate his claims *pro se*, the Court finds that Plaintiff has not met his burden to show extraordinary circumstances that warrant the appointment of counsel. First, there is no indication that Plaintiff is likely to succeed on the merits of his claims. At this stage in the litigation, Plaintiff's complaint has not been served and there is nothing in the record aside from Plaintiff's unsupported allegations. *Jackson v. Jordan*, 2020 WL 12589354, at *1 (C.D. Cal. Oct. 9, 2020) (finding no likelihood of success on the merits where the complaint had yet to be served); *Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993) (finding same where plaintiff offered "no evidence other than his own assertions to support his claims"). Second, Plaintiff's claims—the majority of which allege civil rights violations under 42 U.S.C. § 1983 and related statutes—are not factually or legally complex. *See* Dkt. 1. Plaintiff's complaint demonstrates his ability to articulate those claims and the facts underlying them. *See id.* Accordingly, the Court finds that Plaintiff has not established that extraordinary circumstances that warrant appointment of counsel at this time.

For the reasons set out above, the Court DENIES the motion to appoint counsel [Dkt. 3].

**IT IS SO ORDERED**.

Dated: August 23, 2022

Hon. Jinsook Ohta
United States District Judge