1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  COLIN DUPRE,                              Case No.:  3:22-CV-169-JO-JLB

12                                Plaintiff,
                                             **ORDER GRANTING DEFENDANTS'**
13  v.                                       **MOTION TO DISMISS WITHOUT**
                                             **LEAVE TO AMEND**
14  CITY OF SAN DIEGO; NISLEIT;
    MOSTELLER; SAYASANE,
15

16                                Defendants.

17

18        Plaintiff Colin Dupre brought this lawsuit alleging that his constitutional rights were

19  violated when the City of San Diego and various officers of the San Diego Police

20  Department denied his request for police records and mishandled his citizen's complaint.

21  These defendants filed motions to dismiss his amended complaint for failure to state a

22  claim.  Dkts. 24, 25.  For the reasons explained below, the Court grants the above motions

23  to dismiss without leave to amend.

24

25

26

27

28

1

## I. BACKGROUND

Plaintiff started residing in the Alpha Project Homeless Shelter ("Alpha") in November 2019.  Dkt. 21 ("FAC") at ¶¶ 20–21.  On March 16, 2021, after Plaintiff repeatedly refused to submit to COVID-19 testing, shelter staff informed Plaintiff that they were transferring him to a different homeless shelter.  *Id.* ¶¶ 48–49.  Alpha staff called the police for assistance because Plaintiff refused to leave.  *Id.* ¶¶ 49, 51–52.  The police officers arrived and placed Plaintiff under arrest so they could remove him from the shelter. *Id.* ¶ 54.  After the police officers successfully removed Plaintiff from the premises, they released him.  *Id.* ¶ 55.

Plaintiff subsequently filed grievances with the San Diego Police Department ("SDPD") pertaining to his arrest at the Alpha shelter.  *Id.* ¶ 60.  On March 19, 2021, Plaintiff filed a citizen's complaint with the internal affairs office of the SDPD and Chief of Police David Nisleit regarding his March 16 arrest.  *Id.*  On March 24, 2021, Officer Mosteller from the SDPD's internal affairs office interviewed Plaintiff regarding his complaint.  *Id.*  In April 2021, Officer Mosteller followed up with Plaintiff to inform him that the office would conduct interviews of the police officers that arrested him, and that Lieutenant Dan Sayasane would oversee the interviews.  *Id.* ¶¶ 60–62, 69.  Plaintiff alleges he never received any follow up information after this, despite Officer Mosteller's promises to the contrary.  *Id.* ¶ 69.  On November 8, 2021, Plaintiff filed a public records request pursuant to the California Public Records Act ("CPRA") seeking police documents or footage related to his arrest on March 16, 2021.  *Id.* ¶ 88.  Lieutenant Sayasane from the SDPD denied Plaintiff's request for records on November 18, 2021.  *Id.* ¶ 89.

Based on the above facts, Plaintiff filed suit against (1) the City of San Diego ("City"); (2) Chief Nisleit, Lieutenant Sayasane, and Officer Mosteller ("Individual Defendants"); (3) Alpha Project Homeless Shelter;  Robert Allan McElroy, its CEO;  and St. Vincent de Paul Village, Inc. ("Shelter Defendants"); and (4) various Doe Defendants. Plaintiff alleges the following federal and state law claims against the City and Individual Defendants for mishandling his citizen's complaint and failing to provide records related

3:22-CV-169-JO-JLB

to his arrest: (1) violation of 42 U.S.C. § 1983; (2) violation of 42 U.S.C. § 1985(3); (3) violation of 42 U.S.C. § 1986; (4) violation of California Civil Code § 52.1 ("Bane Act"); (5) intentional infliction of emotional distress; and (6) negligence.  Plaintiff alleges the following state law claims against the Shelter Defendants based on their mandatory COVID-19 testing and the poor living conditions at the shelters: (1) intentional infliction of emotional distress; (2) breach of contract; (3) breach of implied covenant of good faith and fair dealing; and (4) negligence.  Against the unnamed Doe Defendants, Plaintiff alleges the following claims related to his arrest and the conditions at the shelter: (1) violation of 42 U.S.C. § 1983;  (2) a *Bivens* claim; (3) false imprisonment; (4) assault; (5) battery; (6) sexual battery; (7) intentional infliction of emotional distress; and (8) negligence.

On October 25, 2022, the City and the Individual Defendants filed motions to dismiss the amended complaint.  Dkts. 24, 25.

## II.  LEGAL STANDARD

A motion to dismiss under Federal Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  A court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, a court need not accept conclusory allegations as true, but "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."  *Holden v. Hagopian*, 978 F.2d 115, 1121 (9th Cir. 1992).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*,

556 U.S. at 678.  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  Plausibility requires pleading facts, as opposed to conclusory allegations, which rise above the mere conceivability or possibility of unlawful conduct.  *Twombly*, 550 U.S. at 555.  Although *pro se* pleadings are construed liberally to determine whether a claim has been stated, see *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001), a plaintiff must still present factual and non-conclusory allegations to state a claim.  *Twombly*, 550 U.S. at 555; *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).

When a complaint fails to state a claim as set forth above, a plaintiff may seek leave to amend to cure its deficiencies.  Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  In deciding whether to grant leave to amend, the court considers the following factors: the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  A district court has discretion to deny leave to amend when a proposed amendment would be futile.  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000).  Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."  *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  Thus, leave to amend should be denied where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *New v. Armour Pharm. Co.*, 67 F.3d 716, 722 (9th Cir. 1995); *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 297 (9th Cir. 1990) (amended complaint may not contradict prior pleadings).

3:22-CV-169-JO-JLB

1

## III. DISCUSSION

2        First, the City and Individual Defendants argue that Plaintiff's amended complaint

3   should be dismissed because it is unintelligible and violates the requirements of Federal

4   Rule of Civil Procedure 8.  Second, these defendants argue that Plaintiff's grievances do

5   not rise to the level of constitutional violations: thus, his §§ 1983, 1985(3), and 1986 claims

6   against the City, Chief Nisleit, Lieutenant Sayasane, and Officer Mosteller all fail as a

7   matter of law.  The Court will address each of the above arguments in turn and then

8   examine whether it should exercise supplemental jurisdiction over Plaintiff's remaining

9   state law claims against the City and Individual Defendants.

10  **A. Plaintiff's Amended Complaint Complies with Rule 8**

11        The Court first considers whether Plaintiff's amended complaint should be

12  dismissed because it is not a "short and plain statement" of his grievance that complies

13  with Federal Rule of Civil Procedure Rule 8.  Dkt. 24 ("City Mot.") at 3–4; Dkt. 25

14  ("Officers' Mot.") at 7.  Rule 8 requires that a pleading contain a "short and plain statement

15  . . . showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Moreover, each

16  allegation in the pleading must be "simple, concise, and direct."  Fed. R. Civ. P. 8(d)(2).

17  Although courts construe a *pro se* litigant's pleadings liberally, a *pro se* plaintiff must

18  allege a minimum factual and legal basis for each claim such that the defendants are on

19  notice of plaintiff's claims.  *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995);

20  *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Dismissal of a complaint under

21  Rule 8 is reserved for instances in which the complaint is "so verbose, confused and

22  redundant that its true substance, if any, is well disguised."  *Hearns v. San Bernardino*

23  *Police Dept.*, 530 F.3d 1124, 1131 (9th Cir. 2008) (internal quotations omitted).  For

24  example, in *Schmidt*, the Ninth Circuit upheld the dismissal of a thirty-page complaint

25  where the allegations were so "confusing, distracting, ambiguous, and unintelligible" that

26  it was impossible to discern the identity of the defendants for each cause of action.  *Schmidt*

27  *v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980).

28

1    Here, Plaintiff's amended complaint is sufficiently intelligible with regard to the

2    identity of the defendants and substance of the claims alleged against each of them.

3    Plaintiff's factual allegations are presented in chronological order and enumerates the

4    factual basis of his legal claims against each defendant.  FAC ¶¶ 119–271.  Although the

5    amended complaint provides more factual detail than necessary, the allegations in the

6    complaint are sufficiently intelligible to provide defendants notice of Plaintiff's legal

7    claims.  Accordingly, the Court denies the City's and Individual Defendants' motion to

8    dismiss for failure to comply with Rule 8.

9    **B. Plaintiff Fails to Allege A Constitutional Violation**

10    Plaintiff claims that the City and Individual Defendants violated his Fourteenth

11    Amendment due process and equal protection rights when they (1) denied him access to

12    police records relating to this arrest; and (2) mishandled his citizen's complaint about his

13    arrest.  He bases his §§ 1983, 1985(3), and 1986 claims against these defendants on these

14    alleged constitutional violations.

15    To state a claim for a violation of the Fourteenth Amendment, a plaintiff must, as a

16    threshold matter, identify a liberty or property interest protected by the Constitution.

17    *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014).  A constitutionally

18    cognizable property or liberty interest requires a "legitimate claim of entitlement"—*i.e.*, an

19    "existing law, rule, or understanding [that] makes the conferral of a benefit 'mandatory.'"

20    *Id.* (*citing Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760 (2005)); *see also*

21    *Town of Castle Rock*, 545 U.S. at 756 ("Our cases recognize that a benefit is not a protected

22    entitlement if government officials may grant or deny it in their discretion.").  The Supreme

23    Court has held that there is no Fourteenth Amendment right of access to government

24    information or sources of information within the government's control.  *Houchins v.*

25    *KQED, Inc.*, 438 U.S. 1, 15 (1978).  There is similarly no caselaw to support the proposition

26    that the mishandling of a citizen's complaint amounts to a Fourteenth Amendment

27    violation.  *See Alston v. Cnty. of Sacramento*, 2012 WL 2839825, at *5 (E.D. Cal. July 10,

28    2012), *report and recommendation adopted*, 2012 WL 3205142 (E.D. Cal. Aug. 3, 2012)

1  (finding no Fourteenth Amendment right to investigation of a citizen's complaint); *Best v.*

2  *Sonoma Cnty. Sheriffs Dep't*, 2020 WL 5517192, at *6 (N.D. Cal. Sept. 14, 2020) (same).

3          Here, Plaintiff alleges Fourteenth Amendment constitutional violations based on his

4  denial of police records and the mishandling of his citizen's complaint to internal affairs.

5  No existing law, however,  gives him any constitutional entitlement to police records.  *See,*

6  *e.g.*, *Houchins*, 438 U.S. at 15 ("Neither the First Amendment nor the Fourteenth

7  Amendment mandates a right of access to government information or sources of

8  information within the government's control."); *Brooks v. Vallejo City Unified Sch. Dist.*,

9  2013 WL 943460, at *4 (E.D. Cal. Mar. 11, 2013), *report and recommendation adopted*,

10  2013 WL 1330516 (E.D. Cal. Mar. 29, 2013) ("[P]laintiff's entire first amended complaint

11  is premised on defendants' alleged denial of his First and Fourteenth Amendment rights to

12  access the information he sought under the CPRA . . . neither of those amendments provides

13  such a right").  Neither does he have a constitutional right to receive a satisfactory response

14  to his citizen's complaint.  *See, e.g.*, *Best*, 2020 WL 5517192, at *6 ("Failure to conduct an

15  internal affairs investigation or properly investigate complaints against law enforcement

16  do[es] not amount to a violation of the due process clause of the Fourteenth Amendment.");

17  *Alston*, 2012 WL 2839825, at *6 ("[T]he court concludes that plaintiff does not have a

18  protected property interest in an internal investigation of her complaint for purposes of the

19  Due Process Clause of the Fourteenth Amendment, and as such, defendants . . . cannot be

20  held liable under that theory.").  Because Plaintiff cannot establish that he has a protected

21  liberty or property interest in receiving police records or the satisfactory handling of his

22  citizen's complaints, the Defendants' failures in this regard cannot form the basis of a

23  constitutional violation claim against them.

24          Plaintiff cannot show that his grievances against the City and Individual Defendants

25  arise to a Fourteenth Amendment or other constitutional violation; thus, his § 1983 claims

26  fail as a matter of law.  *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991)

27  ("Traditionally, the requirements for relief under section 1983 have been articulated as: (1)

28  a violation of rights protected by the Constitution or created by federal statute, (2)

7

3:22-CV-169-JO-JLB

proximately caused (3) by conduct of a 'person' (4) acting under color of state law."); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (noting that a municipality cannot be liable under *Monell* if its employees did not inflict a constitutional injury).  His §§ 1985(3) and 1986 claims—also based on the denial of police records and the mishandling of his citizen's complaint—likewise fail because they are not premised on a constitutional violation. *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1171 (9th Cir. 2021) ("§ 1985(3) provides a cause of action if two or more persons conspire to deprive an individual of his constitutional rights."); *Trerice v. Pedersen*, 769 F.2d 1398, 1403 (9th Cir. 1985) (noting that a plaintiff can maintain a § 1986 action only if the complaint states a valid § 1985 claim).

**C. Dismissal With Prejudice**

Plaintiff's federal §§ 1983, 1985(3) and 1986 claims against the City and Individual Defendants are dismissed with prejudice because no additional factual allegations could remedy the legal insufficiency of his claims.  Dismissal with prejudice is warranted where amendment would be futile because flaws in the claims cannot be cured. *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1088 (9th Cir. 2002) (finding leave to amend futile where "plaintiffs cannot cure the basic flaw in their pleading"); *see also Brooks*, 2013 WL 943460, at *4 (dismissing without leave to amend § 1983 claim challenging the defendants' responses to CPRA requests).  Because there is no federal constitutional right to obtain public records or a right to the satisfactory handling of a citizen's complaint, further amendment consistent with the original allegations would be futile. *Houchins*, 438 U.S. at 15; *Brooks*, 2013 WL 943460, at *4.  Accordingly, the above claims are dismissed with prejudice.

**D. The Court Declines Jurisdiction Over Plaintiff's Remaining State Law Claims**

Because the Court has dismissed Plaintiff's federal claims, it declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims against the City and Individual Defendants.  A court may exercise supplemental jurisdiction to hear a plaintiff's state law claims that "derive from a common nucleus of operative fact[s]" as his or her

1    federal claims.  28 U.S.C. § 1367(c); *Mendoza v. Zirkle Fruit Co.*, 301 F.3d 1163, 1174

2    (9th Cir. 2002).  But where it has dismissed all federal claims over which it had original

3    jurisdiction, it may decline to extend its jurisdiction to the remaining state claims.  *Id.*; *see*

4    *also Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010).  In deciding

5    whether to continue to exercise supplemental jurisdiction, the court considers the interests

6    of judicial economy, convenience, fairness, and comity.  *City of Chicago v. Int'l College*

7    *of Surgeons*, 522 U.S. 156, 173 (1997); *Smith v. Lenches*, 263 F.3d 972, 977 (9th Cir.

8    2001).

9          Here, the Court declines to exercise supplemental jurisdiction over Plaintiff's

10   remaining state law claims against the City and Individual Defendants.  Because the Court

11   has dismissed all of Plaintiff's federal §§ 1983, 1985(3), and 1986 claims against the City

12   and Individual Defendants—the claims that conferred original jurisdiction—the Court

13   need not exercise supplemental jurisdiction over the remaining state law claims against

14   these Defendants.  *See* 28 U.S.C. § 1367(c); *Sanford*, 625 F.3d at 561 ("[I]n the usual case

15   in which all federal-law claims are eliminated before trial, the balance of factors to be

16   considered under the pendent jurisdiction doctrine—judicial economy, convenience,

17   fairness, and comity—will point toward declining to exercise jurisdiction over the

18   remaining state-law claims.") (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343,

19   350 n.7 (1988)).

## IV. CONCLUSION AND ORDER

21        For the reasons set forth above, the Court grants the City and Individual Defendants'

22   motions to dismiss without leave to amend.  Dkts. 24, 25.  Plaintiff's federal §§ 1983,

23   1985(3), and 1986 claims against the City and Individual Defendants are dismissed with

24   prejudice and the Bane Act, intentional infliction of emotional distress, and negligence

25   claims against these Defendants are dismissed without prejudice to filing in state court.

26        Plaintiff is ORDERED to identify the Doe Defendants, serve his complaint on them,

27   and file a Second Amended Complaint naming all the Defendants within **ninety days** of

28

1    the issuance of this order.  Fed. R. Civ. P. 4(m).  Failure to do so may result in dismissal

2    of the case.

3           **IT IS SO ORDERED**.

4

5    Dated:  July 20, 2023                         _____

6                                                  Hon. Jinsook Ohta
                                                   United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:22-CV-169-JO-JLB